IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRENDAN JOSEPH MCCLANAHAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PRIORITY 1 AIR RESCUE OPERATIONS ARIZONA, LP, et al.,<br><br>Defendants. | Civil Action No. 18-1237-CFC |

## ORDER

Defendants have moved to strike Plaintiffs' Proposed Jury Instruction No. 3.

D.I. 103.  The disputed jury instruction reads:

> **NEGLIGENT UNDERTAKING**
> With respect to the plaintiffs' allegation that the Priority 1 Defendants provided negligent training to the DART crewmembers, where a party to a contract undertakes to render a service and the circumstances involved create an obvious risk of harm to others if due care is not exercised, an obligation arises by law and is imposed upon the contracting party to exercise that amount of care and skill reasonably required by the facts and commensurate with the risks.

D.I. 94 at 3.  Defendants argue that the instruction describes "a claim for educational malpractice" that is barred under Delaware law.  D.I. 103 at 1.

Plaintiffs do not dispute that the Delaware Supreme Court in *Moss Rehab v. White,* 692 A.2d 902 (Del. 1997), foreclosed "educational malpractice" claims, but they say Defendants have "mischaracteriz[ed] their training claim as 'educational malpractice.'" D.I. 104 at 2. *Moss Rehab*, itself, however, makes clear that its holding extends to the "negligent undertaking" claim outlined in Proposed Jury Instruction No. 3.

The plaintiffs in *Moss Rehab* alleged that the defendant driving school had "failed to . . . train [the defendant driver] to drive a motor vehicle," and thus were liable for another driver's death in a fatal accident caused by the driver's negligence. *Moss,* 692 A.2d at 904. The court concluded that "although the Plaintiffs' complaint did not use the words 'educational malpractice,' it assert[ed] such a cause of action" because the complaint's allegations that the driving school "was negligent in evaluating, recommending and training [the driver] to drive a motor vehicle . . . encompass the traditional aspects of education." *Id* at 905.

In this case, Plaintiffs allege that Priority One "provided negligent training to the DART crewmembers." The Delaware Supreme Court expressly held in *Moss Rehab* that such claims "encompass the traditional aspects of education" and are barred under Delaware law even if the Complaint does not use the words "educational malpractice."

NOW THEREFORE, at Wilmington this Ninth day of August in 2021, **IT IS HEREBY ORDERED** that Defendant's motion to strike Plaintiffs' Proposed Jury Instruction No. 3 (D.I. 103) is **GRANTED**.

                                                                                              _____
                                                                                                      CHIEF JUDGE