

1007 N. Orange Street, Suite 600, Wilmington, DE 19899
(302) 552-4300  Fax (302) 552-4340

Direct Dial:  (302) 552-4370
Email:  jltyler@mdwcg.com

August 11, 2021

<u>**VIA EFILE**</u>
The Honorable Colm F. Connolly
US District Court — District of Delaware
844 N King Street
Unit 31, Room 4124
Wilmington, DE 19801

       RE: McClanahan Estate et al. v. Priority 1 Air Rescue Operations, Arizona, LP., et al.
          Docket No.: 18-cv-01237-CFC-SRF

Dear Judge Connolly:

    Please permit this response to Plaintiffs' August 10, 2021 letter regarding the post-accident revision to the "Essential Operations Checklist" of the Delaware Air Rescue Team ("DART").  Plaintiffs, in their letter, assert that the bar under Rule 407 for the admission of subsequent remedial measures does not apply here because the change was made by the Delaware State Police and that, under cases such as *Diehl v. Blaw-Knox*, 360 F.3d 426 (3d Cir. 2004), the preclusion does not apply and that the evidence is admissible.

    However, if this Court believes that *Diehl* applies here, it should still bar the evidence of the change in the checklist for three reasons.

    <u>First</u>, the change in the DART Checklist is irrelevant.  Evidence is only relevant under the Federal Rules of Evidence when "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid., 401.

    Here, the change in the DART Checklist does not make any fact of consequence in determining the action more or less probable than it would be without it.  Under Plaintiffs' theory of the case, the fact which is "of consequence" in this action is whether the Kong Tango carabiner was the proper connector for the hoist-operator tether used by decedent at the time of his death.  The evidence that the Delaware State Police changed the DART Checklist after the decedent's death simply does not make that fact more or less probable.

    Moreover, the evidence from the State Police witnesses uniformly confirm that the entry in the original Checklist, at item 11, reading "Validate Rescue Checklist," includes a check that

The Honorable Colm F. Connolly
Page 2

everyone is properly tethered.  (See, e.g., Wright dep., at p. 160, ln. 19 to p. 161, ln. 11; White dep., at p. 111, ln. 16 to p. 112, ln. 10)

So the additional check in the amended DART Checklist lacks relevance because it merely repeats a check that is already present.  Indeed, the change in the DART Checklist appears simply to be the result of Delaware State Police desiring an additional, redundant level of safety – a "belt plus suspenders" approach – in an attempt to limit a recurrence of an accident of this type.  That is true regardless of whether the cause of the accident was because the wrong carabiner was used, as Plaintiffs believe, or because the decedent disconnected his tether and failed to re-connect it, as both the Delaware State Police's own Aviation Section and Defendants believe.

Second, the only apparent purpose which might come of Plaintiff raising the change in the DART Checklist is to advance Plaintiff's negligent undertaking/instructional malpractice claim, which this Court has already barred under *Moss Rehab. v. White*, 692 A.2d 902 (Del. 1997).  (see, ECF No. 105, Order striking proposed jury instruction No. 3.)

Further, there is no opinion from any of Plaintiff's three liability experts that the original, pre-accident checklist authored by Priority 1 was defective in any way or constitutes a basis to find negligence.

Third, and finally, this Court should bar evidence of the change in the DART Checklist because, as the *Diehl* Court recognized, even if evidence is permitted under Rule 407, it may be barred under Rule 403.  That rule states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

Here, the evidence of the change in the DART Checklist has the clear capacity to confuse the issues and mislead the jury.  The jury may be misled into believing that the change in the DART Checklist is somehow indicative of negligence or culpable conduct on the part of the Defendants.  Further, the jury may be misled into believing that an issue in the case is whether Defendants were negligent based on the wording of the DART Checklist which was in effect at the time of the decedent's death, when there has been no expert testimony to that effect.

As such, Defendants ask this Court to deny Plaintiff's request and bar the evidence of the post-accident remedial modification to the DART Checklist.

Respectfully submitted,

**J. Bruce McKissock**
**Jessica L. Tyler**

J. Bruce McKissock
Jessica L. Tyler

JLT/kmb

LEGAL/140323220.v1