A. Roy DeCaro, Esquire
ardecaro@rayneslaw.com

August 12, 2021

The Honorable Colm F. Connolly
US District Court – District of Delaware
844 N King Street
Unit 31, Room 4124
Wilmington, DE 19801

      RE:    McClanahan Estate et al. v. Priority 1 Air Rescue Operations, Arizona, LP., et al.
              Docket No.: 18-cv-01237-CFC-SRF

Dear Judge Connolly:

      From the outset of this lawsuit, the Priority 1 defendants have argued that Timothy McClanahan was negligent because he failed to check his tether a third time before stepping out onto the helicopter skid in the moments before the accident. The defendants now argue that a post-accident revision to the Checklist that guided Mr. McClanahan's conduct on the day of the accident – created by non-party Delaware State Police (DSP) and explicitly requiring a third check of the hoist operator's tether – has no relevance to this lawsuit (or, alternatively, that its relevance is outweighed by its prejudicial impact). At the very minimum, the revised checklist is relevant to defendants' allegations of comparative negligence. Plaintiffs will contend that nothing in the first checklist instructed the Hoist Operator to check his tether for a third time before stepping onto the skid. As fellow crewmembers Michael MacCoy and Gregory Cartwright are expected to testify, they did not understand the first checklist to require a third check of the hoist operator tether, which had been checked on the ground only minutes before. That is precisely why the DSP revised the checklist to provide that, "[p]rior to clearing the S.O. [hoist operator] to the skid, <u>the Pilot must again confirm</u> that….that the S.O. and Safety Officer are physically Tethered, Anchored & Double Checked." (emphasis added). To the extent that defendants plan to blame Mr. McClanahan and his fellow-crewmembers for this accident, and they clearly do, the revised checklist is relevant and admissible with respect to the crewmembers' understanding of their responsibilities in the moments before the accident.

                                                Very truly yours,

                                                Roy DeCaro /s/

                                                A. Roy DeCaro